UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 08-23412-CIV  COOKE/BANDSTRA

PEDRO PRECIADO RODRIGUEZ, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES OF AMERICA,

    *Defendant*.

_____/

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

THIS MATTER is before me *sua sponte*. Having reviewed the record and the relevant legal authority, and for the reasons explained below, I conclude that this Court lacks subject matter jurisdiction over Plaintiff's claim bought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). Pursuant to Federal Rule of Civil Procedure 12(h)(3), I must dismiss Plaintiffs' FTCA claim (Count I) with prejudice. In light of this dismissal, I decline to exercise supplemental jurisdiction over Plaintiff's remaining claims for negligence (Count II) and loss of consortium (Count III). 28 U.S.C. 1367(c)(3).

### BACKGROUND

This is a negligence case brought by Pedro Rodriguez for injuries he sustained while he was a detainee at the Krome Service Processing Center ("Krome") in February of 2008. (Compl. ¶¶ 3, 22). Krome is operated by the Department of Homeland Security, Immigrations and Customs Enforcement ("DHS/ICE"). (*See id.* ¶ 4). Plaintiff was attempting to exercise on pull-up/dip bar apparatus when he fell from the top of the unit. (Pl.'s Resp. to Def.'s Mot. for Summ. J. ¶¶ 3, 5). Plaintiff's complaint alleges that the United States was negligent in (a) failing to train

him on the proper use of the pull-up/dip bar; (b) failing to properly supervise him when he was using the apparatus; (c) providing him with the apparatus to use, which he alleges constituted an unreasonably dangerous risk and a dangerous condition; (d) failing to warn him of the safety procedures for using the pull-up/dip bar; and (e) failing to have adequate safety, training, and supervision policies in place. (Compl. ¶ 19).

At the time of this incident the following DHS/ICE policies regarding recreational activities in detention facilities were in effect:[1]

- All facilities shall provide INS detainees with access to recreational programs and activities, under conditions of security and supervision that protect their safety and welfare.

- If a facility does not have an outdoor area, a large recreation room with exercise equipment and access to sunlight will be provided.

- All facilities shall have an individual responsible for the development and oversight of the recreation program [*i.e.*, a Recreation Specialist].

- The Recreation Specialist shall be responsible for development and oversight of the recreational program.

- The Recreation Specialist shall assess the needs and interests of the detainees.

- Exercise areas will offer a variety of fixed and moveable equipment. Weight training, if offered, will be limited to fixed equipment; free weights are prohibited.

- Programs and activities are subject to the facility's security and operational guidelines and may be restricted at the [discretion of the officer-in-charge].

U.S. Dep't of Homeland Sec., Detention Operations Manual, Recreation 1, 4, 5 (2000), http://www.ice.gov/doclib/pi/dro/opsmanual/recreat.pdf.

---

[1] I take judicial notice of the operative DHS/ICE Detention Operations Manual, available at http://www.ice.gov/doclib/pi/dro/opsmanual/recreat.pdf. *See* Fed. R. Evid. 201. The bulleted list of policies included in this order are simply the ones relevant to this case, it is not an exhaustive list.

## **LEGAL STANDARDS**

The United States of America, as a sovereign, is immune from suit unless it consents to be sued. *Ctr. for Bio. Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *Id.* (quoting *United States v. Mottaz*, 476 U.S. 834, 841 (1986)). The FTCA provides a limited waiver of this sovereign immunity, allowing the United States to be held liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 1346(b)(1). There are several exceptions to the FTCA's waiver of sovereign immunity, and "if the alleged conduct falls within one of these excluded categories, the court lacks subject matter jurisdiction over the action." *JBP Acquisitions, LP v. United States*, 224 F.3d 1260, 1263-64 (11th Cir. 2000). Once of these exceptions, is the "discretionary function exception." *U.S. Aviation Underwriters, Inc. v. United States*, 562 F.3d 1297, 1299 (11th Cir. 2009).

"The discretionary function exception excludes from the FTCA's broad waiver of sovereign immunity '[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Id.* (quoting 28 U.S.C. § 2680(a)). The purpose of the discretionary function exception is to "prevent judicial second guessing" of "administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Williams v. United States*, 314 F. App'x 253, 257-58 (11th Cir. 2009) (citing and quoting *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991)) (internal quotation marks omitted). The significance of this exception is that, even in the face of overwhelming evidence of negligence on the part of the government, a court must dismiss the

action because it lacks subject matter jurisdiction over the case.  *See Autery v. United States*, 992 F.2d 1523, 1528 (11th Cir. 1993).

To determine whether challenged conduct falls within the discretionary function exception, courts apply a two-part test.  First, it must be determined if the act or omission is "discretionary in nature," *i.e.*, whether the conduct "involve[d] an element of judgment or choice." *U.S. Aviation Underwriters, Inc.*, 562 F.3d at 1299 (citing and quoting *Gaubert*, 499 U.S. at 322).  Second, the court must assess whether the "judgment [or choice] is of the kind that the discretionary function exception was designed to shield," *i.e.*, whether the decision is "susceptible to policy analysis."  *Id.*  "A function is non-discretionary 'if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow' where 'the employee has no rightful option but to adhere to the directive.'"  *Id.*  A decision which either expressly or inherently permits the use of discretion is presumed "grounded in policy whenever that discretion is employed."  *See id.* (quoting *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

## ANALYSIS

There are no federal statutes, regulations, or policies that specifically require Krome to have a pull-up/dip bar apparatus.  The DHS/ICE guidelines do require that exercise areas offer a variety of fixed and moveable equipment, however, the specific type of equipment to be provided is within the discretion of the particular facility.[2]  Ernestine Smith, Krome's Recreation Specialist, has indicated that "[a]fter reviewing the complement of optional exercise equipment

---

[2] In addition to the discretion involved in selecting the type of fitness equipment to provide, DHS/ICE guidelines expressly provide that the officer-in-charge of a particular facility may, at his or her discretion, deviate from the guidelines if the facility's security and operational guidelines so require.  U.S. Dep't of Homeland Sec., Detention Operations Manual, Recreation 5 (2000), http://www.ice.gov/doclib/pi/dro/opsmanual/recreat.pdf.

for use at Krome by the detainees, [she] selected the ProMaima Hip & Dip Combo . . . since it had no moving parts and was easy to use." (Smith Decl. ¶ 5 [D.E. 20-11]). This decision was discretionary in nature because it involved an element of judgment or choice. Additionally, this decision is the kind of choice that the discretionary function exception was designed to shield, since the decision is susceptible to a policy analysis. *See, e.g., Bultema v. United States*, 359 U.S. 379, 384 (6th Cir. 2004) (concluding that a prison's decision to not have bed rails on bunk beds was the kind of "across-the-board policy-making judgment that the discretionary function exception was meant to leave to federal administrators").

  The decision to provide detainees with the pull-up/dip bar apparatus was within the discretion of those operating Krome, as expressed in the DHS/ICE Detention Operations Manual. Since discretion was expressly permitted, it is presumed that the decision was grounded in policy, since that discretion was exercised. *U.S. Aviation Underwriters, Inc.*, 562 F.3d at 1299. The specific policy considerations implicated in this choice are revealed in Ms. Smith's declaration. Krome selected the pull-up/dip bar apparatus based on operational and safety considerations; it is probable that other policy considerations were also inherently involved, *e.g*, budgetary concerns. It would be contrary to the purpose of the discretionary function exception for me to second guess Krome's decision to provide this piece of fitness equipment to detainees. *Williams*, 314 F. App'x at 257-58. Had Plaintiff been injured while using free weights, he may have had a viable claim, since free weights are expressly prohibited by DHS/ICE policy, and thus not within the discretion of Krome to provide. In this case, however, Plaintiff was injured on a apparatus that was within the authorized parameters, and therefore within the discretion of Krome to provide. Accordingly, Plaintiff's claim that Krome was negligent in allowing him to use the pull-up/dip bar fails because this decision is protected by the discretionary function

exception to the FTCA.

Plaintiff's remaining claims, *i.e.*, failure to train, failure to supervise, failure to warn, also fail for similar reasons. Again, there are no federal statutes or regulations that specifically require Krome to train, supervise, or warn a detainee of potential hazards with respect to the use of exercise equipment. There are, however, some DHS/ICE policies that are implicated in this analysis. Krome was required to develop and oversee a recreation program, to provide detainees with access to the recreational programs under safe conditions, and to provide a recreation room with access to exercise equipment.[3] U.S. Dep't of Homeland Sec., Detention Operations Manual, Recreation 1, 4, 5 (2000), http://www.ice.gov/doclib/pi/dro/opsmanual/recreat.pdf.

These general guidelines are not the type of fixed standards which give rise to a non-discretionary duty so as to take the challenged conduct outside of the discretionary function exception to the FTCA. *See Powers v. United States*, 996 F.2d 1121, 1124 (11th Cir. 1993). Krome had to develop a recreation program, but had discretion as to the types of activities to be included in the program. Krome had to provide detainees with access to the recreational programs under safe conditions, but had discretion as to the manner and method of carrying out this non-specific guideline. Krome had to provide detainees with access to exercise equipment, but it maintained discretion as to what exercise equipment to select. The mere fact that Krome was operating under some general policy guidelines concerning detainees' access to recreational activities, does not lead to the conclusion that its conduct in carrying out these guidelines falls outside of the discretionary function exception. *See Ochran v. United States*, 117 F.3d 495, 500-

---

[3] These requirements are again tempered by the DHS/ICE guideline which expressly allows the officer-in-charge to deviate from the guidelines, in his or her discretion, if security and operational requirements so require. U.S. Dep't of Homeland Sec., Detention Operations Manual, Recreation 5 (2000), http://www.ice.gov/doclib/pi/dro/opsmanual/recreat.pdf.

01 (11th Cir. 1997) (explaining that "the use of the word 'shall' in describing the responsibilities of the [federal agency] does not necessarily mean that the Guidelines left no room for the [federal agency] to exercise judgment or choice").

The creation of a recreation program, including exercise equipment, and the implementation of that program under safe conditions was a discretionary act because it necessarily involved elements of judgment and choice. Krome had to decide what activities to include in the program, where to stage the activities, the frequency and duration of the activities, what types of exercise equipment to include, the amount of exercise equipment to provide, how often and how long the detainees would be allowed to utilize the exercise equipment, and under what conditions all of this could take place in order to maintain and safe and secure environment. These decisions are protected under the discretionary function exception of the FTCA; they are precisely the type of federal agency choices that the discretionary function exception removes from judicial second guessing.

## **CONCLUSION**

For the reasons stated above, Plaintiff's FTCA claim fails because the Government's alleged negligence is shielded under the discretionary function exception to the FTCA. The Government, whether negligent or not, is shielded from suit under the Doctrine of Sovereign Immunity. Since this Court lacks subject matter to entertain this case, Count I is dismissed with prejudice. Fed. R. Civ. P. 12(h)(3). In light of this dismissal, I decline to exercise supplemental jurisdiction over Plaintiff's remaining claims for negligence (Count II) and loss of consortium (Count III). 28 U.S.C. 1367(c)(3).

It is **ORDERED and ADJUDGED** that:

1. Count I of Plaintiff's complaint is **DISMISSED** with prejudice.

2. Counts II and III of Plaintiff's complaint are **DISMISSED** without prejudice.

3. All pending motions are **DENIED** as moot.

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 18th day of November 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*