UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 08-23412-Civ-COOKE/BANDSTRA**

PEDRO PRECIADO RODRIGUEZ
and his wife, GENELDA MARMOLEJO,

    Plaintiffs

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER DENYING PLAINTIFFS' MOTION
TO ALTER OR AMEND A JUDGMENT**

    THIS CASE is before me on the Plaintiffs' Motion To Alter Or Amend a Judgment [ECF No. 48]. The Motion has been fully briefed, and I have reviewed the Parties' arguments, and the relevant legal authorities. For the reasons explained in this Order, the Plaintiffs' Motion is denied.

## I.  BACKGROUND

    The Plaintiff, Preciado Rodriguez, was a detainee at the Krome Service Processing Center in February 2008. (Compl. ¶ 3, ECF No. 1). The United States operates the Krome Service Processing Center. (*See id.* ¶ 4). Mr. Rodriguez was using the pull up/dip bar exercise apparatus when he fell from the unit. (Pl.'s Resp. to Def's Mot. Summ. J. ¶¶ 3, 5, ECF No. 31). As a result of this fall, Mr. Rodriguez contends he suffered a traumatic cervical spine injury with a C5 burst fracture, which resulted in severe bodily and neurological injury and residual quadriparesis. (Compl. ¶ 22).

Mr. Rodriguez alleges that the United States was negligent in (a) failing to properly instruct him on how to safely use the equipment; (b) failing to properly supervise him while he was utilizing the gymnasium equipment; (c) providing him with the apparatus to use, which he argues constituted an unreasonably dangerous risk and dangerous condition; (d) failing to warn him of the safety procedures for using the pull up/ dip bar; and (e) failing to have adequate safety, training, supervised policies in place.  (Compl. ¶ 19).

On November 18, 2009, I entered an Order dismissing the case for lack of subject matter jurisdiction.  (Order, ECF No. 47).  In response, Mr. Rodriguez filed his motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

## II.  LEGAL STANDARDS

### A.  *Motion to Alter or Amend a Judgment*

A Rule 59(e) motion must identify "newly-discovered evidence or manifest errors of law or fact."  *In re* Kellogg, 197 F.3d 1116, 1119 (11th Cir.) 1999).  The decision to alter or amend judgment is committed to the sound discretion of the district court.  *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).  A motion made pursuant to Rule 59(e) cannot be used as a vehicle to "relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Michael Linet, Inc. v. Vill. Of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

### B.  *Discretionary Function Exception of the Federal Tort Claims Act*

The United States of America, as a sovereign, is immune from suit unless it consents to be sued.  *Ctr. for Bio. Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006).  "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction."  *Id.* (quoting *United States v. Mottaz*, 476 U.S. 834, 841

2

(1986)).  The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), provides a limited waiver of this sovereign immunity, allowing the United States to be held liable "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 1346(b)(1).

There are several exceptions to the FTCA's waiver of sovereign immunity, and "if the alleged conduct falls within one of these excluded categories, the court lacks subject matter jurisdiction over the action."  *JBP Acquisitions, LP v. United States*, 224 F.3d 1260, 1263-64 (11th Cir. 2000).  Once of these exceptions, is the "discretionary function exception."  *U.S. Aviation Underwriters, Inc. v. United States*, 562 F.3d 1297, 1299 (11th Cir. 2009).

"The discretionary function exception excludes from the FTCA's broad waiver of sovereign immunity '[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'"  *Id.* (quoting 28 U.S.C. § 2680(a)).  The purpose of the discretionary function exception is to "prevent judicial second guessing" of "administrative decisions grounded in social, economic, and political policy through the medium of an action in tort."  *Williams v. United States*, 314 F. App'x 253, 257-58 (11th Cir. 2009) (citing and quoting *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991)) (internal quotation marks omitted).  The significance of this exception is that, even in the face of overwhelming evidence of negligence on the part of the government, a court must dismiss the action because it lacks subject matter jurisdiction over the case.  *See Autery v. United States*, 992 F.2d 1523, 1528 (11th Cir. 1993).

To determine whether challenged conduct falls within the discretionary function exception, courts apply a two-part test.  First, it must be determined if the act or omission is "discretionary in nature," *i.e.*, whether the conduct "involve[d] an element of judgment or

choice.*" U.S. Aviation Underwriters, Inc.*, 562 F.3d at 1299 (citing and quoting *Gaubert*, 499 U.S. at 322).  Second, the court must assess whether the "judgment [or choice] is of the kind that the discretionary function exception was designed to shield," *i.e.*, whether the decision is "susceptible to policy analysis."  *Id.*  "A function is non-discretionary 'if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow' where 'the employee has no rightful option but to adhere to the directive.'"  *Id.*  A decision which either expressly or inherently permits the use of discretion is presumed "grounded in policy whenever that discretion is employed."  *See id.* (quoting *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

### III.  ANALYSIS

Summary judgment was entered for the defendant pursuant to Federal Rule of Civil Procedure 12(h)(3).  Mr. Rodriguez disputes the application of the discretionary function exception to his claims.  (Mot. For Recons. 3-5, ECF No. 48).  Mr. Rodriguez argues that, even if the selection of the pull-up/dip apparatus was discretionary, the Government had a "duty to instruct the detainees and operate the facility safely."  (*Id.* at 4).  The crux of Mr. Rodriguez's argument is that he should be able to "put on evidence that the United States was negligent in not exercising reasonable care in supervising and operating the facility."  (*Id.*).

The Immigration and Customs Enforcement's Office of Detention and Removal Operations ("ICE/DRO") guidelines provide general objectives for maintaining the security and safety of both the staff and detainees.  The guidelines do not require any specific duties or mandatory procedures to achieve this objective.  The guidelines do not set requirements for the number of guards monitoring detainees or for performing specific supervisory duties.  U.S. Dep't of Homeland Sec., Det. Operations Manual, Facility Security and Control 2 (Dec 2, 2008)

4

(available at http://www.ice.gov/partners/dro/PBNDS/index.htm).  Instead, the ICE/DRO guidelines offer a series of "expected practices" for the safety and security of the facility.  *Id.* at 2-11.

The regulatory standard in the ICE/DRO Facility Security and Control Manual leaves the specific decisions regarding inmate's safety to the determination of the facility's administrators.  *Id* at 2.  Since the safety and monitoring of the inmates requires judgment on the part of facility administrators, it satisfies the first part of the discretionary function test.

Monitoring the safety of the prisoners is the type of policy-making judgment that the discretionary function exception was meant to leave to prison administrators because administrators are given great latitude in determining the policies necessary to maintain order and safety within the institution and in turn the public.  If there had been fixed rules in place for the guards to follow and they failed to do so, then the discretionary function exception would not bar a cause of action.  *See, e.g.*, *Garza v. United States*, No. 02-154, 2007 WL 776682 (S.D. Tex. Mar. 9, 2007) (explaining that the discretionary function exception did not bar a cause of action by an injured inmate because a guard failed to follow mandatory instructions to both patrol the yard and prevent the gathering of large groups).

In this case, there is nothing within the ICE/DRO guidelines that provides for a specific set of instructions or training to be given to detainees using fitness equipment.  There is also nothing within the guidelines that requires a fixed number of staff to patrol or supervise any given area, or how they are to go about that supervision.   Here, the discretionary function exception applies and shields the United States from liability in this case.

## IV.  CONCLUSION

For the reasons explained in this Order, it is **ORDERED and ADJUDGED** that the Plaintiffs' Motion to Alter or Amend a Judgment [ECF No. 48] is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 19th day of July 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*